On Application for Rehearing.
PER CURIAM.
In an application for rehearing, appellant complains, among other things, that the court failed to pass upon his contention that the judgment of forfeiture is a nullity because the accused was not notified to appear for arraignment. The original opinion does take notice of appellant’s contention, but reveals that we were under the erroneous impression that the complaint was directed to an asserted lack of notice to appellant as surety.
The record shows that a notice of arraignment issued to the accused, Dallas Myers, at his given address, 1211 S. Rampart Street, New Orleans, Louisiana, and that, when the sheriff attempted to serve him at that address, he was notified by the parties living there that Myers had moved to parts unknown. The sheriff therefore noted on his return that he was unable to serve the notice of arraignment because accused was not found.
*180 It is the contention of counsel for appellant that the sheriff should have made a domiciliary service in view of LSA-R.S. 15:105, requiring that at the'time any person signs an appearance bond he shall be required to indicate his domicile, which is “conclusively presumed to continue for every purpose connected with the bond.”
We find no merit in this argument. In the first place, it seems evident that LSA-R.S. 15:105 is applicable only to the surety on an appearance bond. But, even if we assume that an accused is included, there is nothing in the statute which indicates that the sheriff is required to make a vain and useless domiciliary service when he is informed that the party no longer lives at the given address.
Finding that none of the other complaints is well founded, the application for rehearing is refused.